## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

DUANE E. ARMSTRONG,

    Petitioner,

v.                                                     CASE NO. 8:19-cv-775-WFJ-SPF

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Before the Court is Duane E. Armstrong's timely *pro se* petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Dkt 1), the response (Dkt. 7), and the reply (Dkt. 8). Petitioner is a prisoner serving a sentence imposed by the Thirteenth Judicial Circuit Court in Hillsborough County, Florida. After careful review of the entire record, the petition is denied on the merits.

## BACKGROUND

Mr. Armstrong was charged with burglary of an unoccupied dwelling, dealing in stolen property, false information on pawnbroker form (over $300), and grand theft third degree. Dkt. 72-2 at 169–71 (Hillsborough County Case No. 12-

cf-1740).[1]  On January 25, 2012, Petitioner broke into the victim's house, stole jewelry, and sold the jewelry to a pawnbroker.  Dkt. 7-5 at 104–106.  Petitioner testified at trial that two unknown people approached him in his neighborhood and sold him a bag of jewelry for $30.  Dkt. 7-3 at 88; Dkt. 7-5 at 105.  He sold the jewelry at the pawn shop for $400 to $450.  Dkt. 7-3 at 88; Dkt. 7-4 at 178–79.

A jury tried and convicted Petitioner guilty as charged on May 22, 2013.  Dkt. 7-2 at 174–76.  The grand theft count was later dismissed.  Dkt. 7-2 at 198.  The state court sentenced Petitioner as a habitual felony offender on all three counts and as a prison release re-offender on the burglary count.  Dkt. 7-2 at 201, 204 (judgment); Dkt. 7-3 at 30–31 (sentencing).  He received 20 years in prison with a 15-year minimum mandatory on the burglary of an unoccupied dwelling and 15-year prison terms, to run concurrent with the burglary count, for dealing in stolen property and giving false information on a pawnbroker form.  *Id*.

On direct appeal, the Florida Second District Court of Appeal affirmed his conviction and sentence without opinion.  Dkt. 7-4 at 431; *Armstrong v. State*, 178 So. 3d 405 (Fla. 2d DCA 2015).  Petitioner filed a motion for post-conviction relief

---

[1] The convictions in 12-cf-1740 are not to be confused with others.  For example, Petitioner was also tried, convicted, and sentenced for burglary of an unoccupied dwelling and grand theft committed on April 12, 2012 in Hillsborough County case 12-cf-6162, and his habeas was denied.  *Armstrong v. Sec'y, Dep't of Corrs.*, No. 8:18-cv-2846-EAK-AAS (M.D. Fla. Mar. 21, 2019), at docket entry 9 in 8:18-cv-2846.  The March 2019 order in 8:18-cv-2846 was affirmed.  *Armstrong v. Sec'y, Dep't of Corrs.*, 2012 WL 777591 (11th Cir. Mar. 1, 2021), at docket entry 23 in No. 8:18-cv-2846.

pursuant to Florida Rule of Criminal Procedure 3.850.  Dkt. 7-5 at 38–42.  An evidentiary hearing was held.  Dkt. 7-5 at 100–125.  The state court denied relief, and Petitioner appealed.  Dkt. 7-5 at 127–132.  The appellate court affirmed without opinion.  Dkt. 7-5 at 230; *Armstrong v. State*, 268 So. 3d 698 (Fla. 2d DCA 2019).  In this habeas, Petitioner raises ineffective assistance of trial counsel.

## APPLICABLE STANDARD

To prevail on a claim for ineffective assistance, the record must show both proof of counsel's deficient performance and the prejudice suffered—that the outcome of the proceedings would have been different.  *Strickland v. Washington*, 466 U.S. 688, 697 (1984).  Once it is determined that one component is lacking, the other need not be addressed.  *Id*.; *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

## INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

In his sole ground, Petitioner argues his counsel was ineffective for failing to object to the admission and reference to a second fingerprint analyst on the grounds of hearsay.  Dkt. 1 at 16–17.  The post-conviction court granted Petitioner an evidentiary hearing based on the following allegations:

> Defendant alleges that the only evidence linking Defendant to the burglarized residence was a single fingerprint located on a dresser top. . . . Ms. Jarvis [of the Hillsborough County Sheriff's Office] testified [as a forensic print analyst] that she was given a latent lift card and was asked to compare the print to fingerprints located in the database [and] that the latent lift card contained a print that matched Defendant's

3

> fingerprints. Defendant alleges that Ms. Jarvis was also given the pawn forms for comparison [which] matched Defendant's fingerprints. . . . Ms. Jarvis rolled Defendant's fingerprints herself and performed the requested comparisons to the latent lift card and the pawn forms [and] Ms. Jarvis testified that it was standard procedure to have a fingerprint comparison verified by another forensic print analyst. Defendant alleges that the following exchange occurred during Ms. Jarvis's direct examination:
>
>> Q: Okay. And were all those procedures followed in this specific case?
>> A: Yes.
>> *Q: And was your finding actually verified by a second analyst?*
>> *A: Yes.*
>> Q: Okay. And when was that done, ma'am?
>> A: It was done on January 26, 2012 and then again on October 26, 2012.
>
> Defendant alleges counsel should have objected to this hearsay evidence[,] the jury was allowed to believe that another person who was an expert in the field of fingerprint analysis independently reviewed Ms. Jarvis's comparison and concurred with those findings[, and] these statements qualify as hearsay because they were offered to prove the truth of the matter asserted—that the fingerprint found on the dresser matched Defendant's fingerprint—and improperly bolstered the testimony of Ms. Jarvis. Defendant alleges that but for the counsel's deficient performance, there is a reasonable probability that the outcome of the proceedings would have been different because the Court would have stricken the testimony and the jury would have not been able to consider the opinion of a non-testifying expert and would have acquitted Defendant. . . .

Dkt. 7-5 at 82–84 (emphasis added). Finding that Petitioner presented a facially sufficient claim, the post-conviction court noted that "the Fourth District Court of Appeal has held that it is improper for a fingerprint expert who has reached his or her independent opinion to explain the use of a

4

second examiner in the verification process. *See Bunche v. State*, 5 So. 3d 38, 40–41 (Fla. 4th DCA 2009)." Dkt. 7-5 at 51.

At the hearing, Petitioner's counsel relied on the transcripts of the trial, rather than presenting live witnesses. Dkt. 7-5 at 101; Dkt. 7-5 at 130. Petitioner contested Ms. Jarvis's testimony concerning only the fingerprints from the dresser in the victim's bedroom (where she kept her jewelry). Dkt. 7-5 at 120. Petitioner's defense at trial was that he bought the victim's jewelry on the street and admitted at trial on cross-examination the fingerprints on the pawn shop form belonged to him. *Id*.

In denying the rule 3.850 motion, the post-conviction court found that Petitioner failed to establish prejudice under the *Strickland* standard. Dkt. 7-5 at 132. Even assuming counsel had objected, and Ms. Jarvis's testimony concerning confirmation of her results by a second fingerprint analyst had been excluded, the court reasoned that ample evidence supporting guilt remained. The court observed: "The jury still would have heard Ms. Jarvis's testimony that the latent fingerprint found on the dresser in the victim's bedroom was a match to Defendant." Dkt. 7-5 at 132. Petitioner admitted at trial that his prints were on the pawn shop form, thereby confirming Ms. Jarvis's analysis with respect to those prints. Dkt. 7-5 at 132. Finally, the uncontested evidence adduced at trial shows the victim left for work around 7:30 a.m., the stolen property was pawned at 10:19

a.m., and the victim's son discovered the break-in around 11:30 a.m. Dkt. 7-5 at 104–105.

The state court found there was no reasonable probability that counsel's failure to object would have affected the verdict—the outcome of the proceedings. In so finding, the state court was objectively reasonable in its *Strickland* inquiry. *See Putnam v. Head*, 268 F.3d 1223, 1244 n.17 (11th Cir. 2001), *cert. denied*, 537 U.S. 870 (2002) ("[O]ur task is not to repeat this inquiry. Instead, our duty is to determine whether the state habeas court was objectively reasonable in its *Strickland* inquiry."). Petitioner does not present an issue appropriate for federal habeas relief because the state courts' denial was neither contrary to, or an unreasonable application of *Strickland*, nor was it an unreasonable interpretation of the facts. *See* 28 U.S.C. § 2254(d).

Accordingly, the petition (Dkt. 1) is denied. The Clerk is directed to enter judgment against Petitioner and close the case.

### Certificate of Appealability/*In Forma Pauperis* Status to Appeal

Reasonable jurists would not find debatable or wrong the merits of the claim. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing 28 U.S.C. § 2253(c)); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Petitioner fails to make a substantial showing of the denial of a constitutional right under 28 U.S.C. § 2253(c)(2). Because Petitioner is not entitled to a certificate of appealability, an

appeal will not be taken in good faith.  28 U.S.C. § 1915(a)(3).  A certificate of appealability and *in forma pauperis* status to appeal are denied.  Petitioner must obtain permission from the court of appeals to appeal *in forma pauperis*.

**DONE AND ORDERED** at Tampa, Florida, on March 30, 2021.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**Copies furnished to**:
Counsel of record
Petitioner, *pro se*